INTERCONTINENTAL RUBBER CO. v. BOSTON & M. R. R.

(District Court, D. Massachusetts.    April 17, 1917.)

No. 744.

RECEIVERS ☞90—TEMPORARY RECEIVERS—PAYMENTS FOR PRESERVATION OF STATUS QUO.

It is the duty of a temporary receiver of a railroad company to preserve the property in statu quo as nearly as practicable, and where the defendant had recognized its obligation under the lease of a leased line to pay interest on notes of the lessor, and the failure to pay maturing interest would raise a serious question of the right of the lessor to forfeit the lease for such nonpayment, the receiver may properly be instructed to advance the money to the lessor to make such payment, reserving the right to a permanent receiver to disaffirm the lease, and to all parties in interest to litigate any question arising out of it in the further progress of the case.

In Equity.    Suit by the Intercontinental Rubber Company against the Boston & Maine Railroad.    On receiver's petition for instructions. Instructions given.

Boyd B. Jones, of Boston, Mass., for plaintiff.
George L. Mayberry, of Boston, Mass., for defendant.

MORTON, District Judge.    The temporary receiver petitions for instructions whether he shall pay interest on certain notes issued by the Connecticut River Railroad Company.    At the hearing before me counsel appeared and were heard for the Connecticut River Railroad Company, for the commonwealth of Massachusetts, for the complainant, and for the respondent; and Mr. French, counsel for old and large stockholding interests in the Boston & Maine Railroad, was asked by the court to present his views as an amicus curiæ, and did so.

The facts are substantially as stated in the receiver's petition.    The notes in question, amounting to $2,000,000, were issued by the Connecticut River Railroad Company, bearing date of July 1, 1914, payable in one year, to the order of the maker.    They were indorsed by it and turned over to the Boston & Maine Railroad, by which they were negotiated.    They have been extended from time to time.

The circumstances which led to the issue of the notes were as follows:    The Boston & Maine Railroad holds the property of the Connecticut River Railroad Company under a long-term lease, under which it had the right to make improvements and additions, which were to be paid for by the lessor.    The Boston & Maine Railroad made improvements, for which it paid about $500,000, and as to the legality and propriety of which no question is now made.    It also constructed an extension of the lessor's railroad from Dole, N. H., to Brattleboro, or rather to the Vermont line, near Brattleboro, at a cost of about $1,500,000.    By the terms of the lease the lessee was to be paid for such expenditures, assuming them to be proper, by the issue of "stock or bonds" by the lessor.    When the lessee called upon the lessor for the repayment of the expenditures referred to, both of them agreed

that it was an inopportune time for the lessor to issue stocks or bonds. They both agreed, therefore, to the issue of short-term notes, which resulted in the indebtedness now before the court. The Boston & Maine Railroad is not a party to these notes, which are an obligation of the Connecticut River Railroad Company alone.

Under the lease the lessee agrees to pay the interest on stock or bonds issued by the lessor in repayment of expenditures by the lessee; and there is a right of immediate forfeiture and re-entry reserved to the lessor for the lessee's failure to make such payments. As to certain other indebtedness of the lessor, arising during the continuance of the lease, and as to the payment of which the lessee is under certain obligations, there is no right of immediate forfeiture for the lessee's failure.

It is contended by the Connecticut River Railroad Company that the notes in question are covered by the word "bonds" in the lease, and that, if the interest on them be not paid, the Connecticut River Railroad Company will have the right to terminate its lease. On the other side, it is contended by the commonwealth, as a large creditor of the Boston & Maine Railroad, and by Mr. French, that railroad bonds stand on a very different footing, under our law, from notes for a term of one year or less, and that when the lessor and lessee agreed to an issue of notes, instead of stock or bonds, they must have understood that no right of forfeiture for nonpayment of interest would exist in favor of the lessor under the lease. This is also the view of the respondent.

Mr. French goes much farther, and suggests that the expenditure of $1,500,000 for the Brattleboro extension was unauthorized by law, and was illegal; that the present notes, having been issued for the purpose of obtaining funds to make an illegal payment, are invalid; and that the receiver ought to be instructed to pay neither interest nor principal on them.

The suggestion seems premature. The petitioner for instructions is only a temporary receiver. As such it is his duty to keep the property along in substantially the same condition as he finds it. To some extent this may require new work in carrying out policies previously entered upon; but, generally speaking, his proper function is to preserve things in statu quo as nearly as practicable. Prior to the receivership the Boston & Maine Railroad had been paying interest on the indebtedness represented by these notes and treating it as a valid obligation. The temporary receiver has been paying, without prejudice to anybody's rights, and without in any way binding the respondent, sums equal to the rentals under the various leases, and to interest or dividends where payments thereof were included as rent under leases.

While the contention that these notes are not "bonds," and that there is no right of forfeiture for failure to pay interest on them, has much to support it, it cannot be said that there are not weighty arguments the other way. It is obviously undesirable to pass on the validity of the notes without having the holders of them in court, so as to be heard and be bound by the decision, if adverse to them. The temporary receiver ought not to take any step which might result in changing the

situation of the respondent in such a vital matter as the cancellation of this lease. As between paying a sum equivalent to rent, which might perhaps be avoided, and refusing to pay it and thereby perhaps forfeiting the lease, the former is, in my opinion, the alternative which should be taken by him.

Without passing on the validity of the notes in question or deciding whether nonpayment of the interest here in question would give the lessor an immediate right of forfeiture and re-entry, and without prejudice to the rights of any party to raise again all questions presented by this petition for instructions, the receiver will be instructed to tender to the Connecticut River Railroad Company a sum equal to the interest on the notes in question. Said sum is to be paid and received under an express agreement that such action by the temporary receiver is not an affirmance or adoption of the lease, and is not to alter or affect any rights either of the respondent, the receiver, or the Connecticut River Railroad Company under or growing out of the lease in question.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes